# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**DIANNE LOWE CUTHBERTSON,**

      **Plaintiff,**

**v.**                                         **Case No:   6:13-cv-37-Orl-41KRS**

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **PLAINTIFF'S UNCONTESTED PETITION FOR ATTORNEY'S FEES (Doc. No. 19)**
>
> **FILED:**      **March 18, 2014**[1]

Plaintiff, Diane Lowe Cuthbertson, seeks an award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Doc. No. 19. A final judgment reversing the decision below was entered on February 11, 2014. Doc. No. 18. Cuthbertson represents that the Commissioner of Social Security does not oppose requested relief. Doc. No. 19 at 3. Thus, the motion is now ripe for consideration.

---

[1] This motion was referred to the undersigned for issuance of a Report and Recommendation on July 11, 2014.

Richard A. Culbertson, Esq., Plaintiff's attorney of record, seeks an award of $2,416.30 in fees for 3.5 hours he worked in 2013, 1.4 hours he worked in 2014, and 20 hours worked in 2013 by Michael Culbertson, a paralegal, for a total of 24.9 hours.   Doc. No. 19 at 12-13.

The EAJA sets a ceiling of $125.00[2] on the hourly rate for which attorneys may be compensated under the statute, which courts may adjust upward based on changes in the Consumer Price Index ("CPI").   28 U.S.C. § 2412(d)(2)(A).   Attorney Culbertson requests $187.00 per hour for the work he performed in 2013 and 2014.   Doc. No. 19 at 9-10.   Independent calculations show that the average adjusted hourly rate for 2013 for the EAJA is $187.02,[3] and the average adjusted hourly rate through May 2014 for the EAJA is $189.46.[4]   Accordingly, based on the cost-of-living adjustment, the requested rate of $187.00 per hour for work by an attorney in 2013 and 2014 does not exceed the EAJA cap of $125.00 per hour adjusted based on the CPI.

The EAJA states that the amount of attorney's fees shall be based on prevailing market rates, "except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee."

---

[2] Congress amended the EAJA and changed the statutory rate to $125.00 for all civil actions filed on or after March 29, 1996.   28 U.S.C. § 2412(d)(2)(A)(ii) (as amended by Pub. L. 104-121, § 232(b)(1)).

[3] The figure is calculated by taking the "Annual" CPI rate for 2013 and subtracting from it the March 1996 rate (232.957 – 155.7 = 77.257) and then dividing that number by the March 1996 rate (77.257 ÷ 155.7 = 0.4962).   The cost-of-living percentage increase is then applied to the statutory rate of $125.00 to derive the adjusted hourly rate permitted by the EAJA ((0.4962 × 125) + 125 = 187.02).   *See* Department of Labor, Bureau of Labor Statistics, *available at* http://data.bls.gov/cgi-bin/surveymost?bls (check box next to "CPI for All Urban Consumers (CPI-U) 1982-84=100" and click on "Retrieve data" button) (last visited July 14, 2014).

[4] The figure is calculated by averaging the CPI rate for January, February, March, April and May of 2014 and subtracting from it the March 1996 rate (((233.916 + 234.781 + 236.293 + 237.072 + 237.900) ÷ 5) – 155.7 = 80.292) and then dividing that number by the March 1996 rate (80.292 ÷ 155.7 = 0.5157). These calculations result in the cost-of-living percentage increase from March 1996 through May 2014.   The cost-of-living percentage increase is then applied to the statutory rate of $125.00 to derive the adjusted hourly rate permitted by the EAJA ((0.5157 × 125) + 125 = 189.46).   *See* Department of Labor, Bureau of Labor Statistics, *available at* http://data.bls.gov/cgi-bin/surveymost?bls (check box next to "CPI for All Urban Consumers (CPI-U) 1982-84=100" and click on "Retrieve data" button) (last visited July 14, 2014).

28 U.S.C. § 2412(d)(2)(A).  At least one Judge of this Court has expressed concern that the maximum rates authorized by applying a cost-of-living adjustment exceed the reasonable hourly rate for work of this type.  *See Coffman v. Astrue*, No. 8:07-cv-1416-T-TGW, 2008 WL 5137956 (M.D. Fla. Dec. 5, 2008).  Nevertheless, because the Commissioner does not object to the hourly rate sought and it is within the rates permitted by the EAJA, I find that the rate of $187.00 per hour is reasonable in the absence of objection.

The United States Court of Appeals for the Eleventh Circuit has recognized that fees for work by a paralegal may be recovered under the EAJA, to the extent that the paralegal performs work traditionally done by an attorney.  *Jean v. Nelson*, 863 F.2d 759 (11th Cir. 1988).  Under the EAJA, the amount of fees awarded to non-attorneys shall be based on the prevailing market rates for the kind and quality of the services furnished.  28 U.S.C. § 2412(d)(2)(A).  The summary of the work Paralegal Culbertson performed reflects that he performed work traditionally done by an attorney.  Doc. No. 19 at 13.  Cuthbertson seeks a rate of $75.00 per hour for the work of Paralegal Culbertson, which rate is reasonable in central Florida in the absence of objection.

I also find that the total number of hours worked is reasonable in the absence of objection.

Plaintiff filed a Retainer Agreement, in which Plaintiff assigned her right to any EAJA fees awarded to Attorney Culbertson.  Doc. No. 19-1.  She represents that the Commissioner has agreed that it will accept the assignment of EAJA fees if it is determined that Cuthbertson does not owe a federal debt.  Because the Commissioner has taken inconsistent positions regarding whether she will honor such an assignment, I recommend that the Court not require that the EAJA fees be paid directly to Plaintiff's counsel.

Accordingly, I **respectfully recommend** that the Court **GRANT in part** Plaintiff's Uncontested Petition For Attorney's Fees (Doc. No. 19) and **DIRECT** the Commissioner of Social Security to pay Plaintiff Dianne Lowe Cuthbertson attorney's fees in the total amount of $2,416.30.[5]

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on July 15, 2014.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

---

[5] The fee is calculated as follows: ($187.00 per hour x 4.9 hours of work by Attorney Culbertson = $916.30) + ($75.00 per hour x 20 hours of work by Paralegal Culbertson = $1,500.00) = $2,416.30.